**1066·15**

ORIGINAL

## In The Ninth Court Of Appeals
### 09-14-00460-CR

RECEIVED

OCT 2 6 2015

CAROL ANNE HARLEY
CLERK OF THE COURT
NINTH COURT OF APPEALS

CALVIN JONES JR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 30 2015

Abel Acosta, Clerk

ON APPEAL FROM THE
163RD DISTRICT COURT OF ORANGE COUNTY, TEXAS
TRIAL CAUSE NO. B080617-R

### Appellant's Motion For Discretionary Review

FILED IN
COURT OF CRIMINAL APPEALS

NOV 02 2015

Abel Acosta, Clerk

### To The Honorable Chief Justice:

COMES NOW CALVIN JONES JR., IN THE ABOVE ENTITLED AND NUMBERED CAUSE WILL DEMOSTRATE TO THE COURTS HOW IT HAS JURISDICTION OVER HIS APPEAL AND IN SUPPORT WOULD SHOW THE COURT THE FOLLOWING:

### Ground For Review Number One
### Ineffective Assistance Of Counsel

MS. KARLA J. ROGERS, ATTORNEY AT LAW, 235 N. MAIN ST, VIDOR, TEXAS 77662 COMPLETELY IGNORED HER PROFESSIONAL DUTIES. HER REPRESENTATION WAS DEFICIENT. MS. ROGER'S DEFICIENT PERFORMANCE AFFECTED (PREJUDICED) THE OUTCOME OF MY CASE. WHEN THE JUDGE ASKED THE DISTRICT ATTORNEY, IS THERE ANYTHING ON THE TABLE HERE? SEE PAGE NO. 10, LINE 12-20 OF THE

Reporter's Record, Volume 2 of 3. Ms. Rogers stood by motion less as though she was "incoherent and incompetent". See Strickland V. Washington, 466 U.S. 688, 104 S.CT. 2052 (1984), and Butler V. State 716 S.W. 2d. 48 (Tex. Crim App. 1986). See U.S. V. Chronic, 466 U.S. 648, 658, 104 S.CT. 2039, 2046, 801 Ed. 2d. 657, 66 (1984). In addition, Ms. Rogers erred—"made error". See Thomas V. State, 9 S.W. 3d. 808, 812, 813 (Tex. Crim App. 1999).

### Ground For Review Number Two
### Indictment

The state failed to list all prior convictions on indictment for "enhancement purposes" which lead to unlawful sentenc See Indictment. Thomson V. State 892 S.W. 2d. 8 CPP 21.03

### Ground For Review Number Three
### Violation Of Fourteenth Amendment, Due Process

Ex parte Harris, 596 S.W. 2d. 893 (Tex. Crim. App. 1980). Mr. Jones "guilty plea" was involuntary because Ms. Rogers was ineffective Ms. Rogers did not consult with defendant, did not inquire as to any defense, gave no advice to defendant and did not attempt to determine if defendant was guilty; instead the, Ms. Rogers merely stood as Mr. Jones plead guilty.

### Ground For Review Number Four
### Plea Bargain Agreement

Ex parte Diaz, 610 S.W. 2D 765 (Tex. Crim App. 1981). Mr. Jones Plea Bagain Agreement was "involuntary" based on the fact his "Guilty Plea" was "involuntary" since his attorney, Ms. Rogers was ineffective. Ms. Rogers was essentially just a "Cop-Out" man who was present with Mr. Jones when he pleaded out to a "none pre-arraigned" deal between him and the state. Note dissenting opinion citing Ex parte Harris 596 S.W. 2D 893 (Tex. Crim. App. 1990 and Ex parte Bratchett, 513 S.W. 2D 851 (Tex. Crim. App. 1974).

## Ground For Review Number Five
## Insufficient Evidence

In the Court Reporter's Record Volume 1, Page 6, lines 16-thru-25, the court stated and Mr. Jone's Attorney, Ms. Rogers asked if the court was abandoning anything in/or about Allen Parish, Louisiana? The court agreed, but when looking at the "Judgement Adjudicating Guilt" on record from the "County Clerks Office" Mr. Jones, the defendat was charged with possession of a controlled substance, to wit: "Alprazolam" in an amount by aggregate weight including "Adulterants and Dilutants" of less than 28 grams, on or about February 19, 2013, in Orange County, Texas. This is absolutely false. See Jackson V. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979). Hurtado V. Tucker, 90 F. Supp. 2D 118 (Mass 1998).

## Ground For Review Number Six
## Ineffective Assistance of Counsel
Appeal Attorney · Christine Brown-Zeto

Ms. Christine Brown-Zeto, Attorney at Law, 1107 Green Ave., Orange, Texas 77630 and Appeal Attorney for Mr. Calvin Jones Jr., Appellant was "ineffective" and chose to withdraw and abandon Appellant and relinquish or give up with the intention of never again reclaiming Appellant rights or interest. Though it was Ms. Brown-Zeto's right to decide whether to continue to represent Mr. Jones, Ms. Brown-Zeto still had the option to file a motion for a "Rehearing", which she did not exhaust all remedies on behalf of Mr. Jones. See Rule 49.1 of the Texas Rules of Appeallant Procedures. What Ms. Brown-Zeto chose to do instead is remove herself for reasonable "personal gain" by "promoting her services" through correspondence to Mr. Jones.

## Pray

Wherefore, Appellant, Mr. Calvin Jones Jr., Prays that the Court Grant his motion for Discretionary Review to proceed on Appeal.

## Inmate Declaration

I, Calvin Jones Jr., am the Appellant and being presently incarcerated in the Texas Department of Criminal Justice. Declare under penalty of prejury that according to my belief, the facts in the above motion to proceed in Discretionary Review on Appeal are true and correct.

SIGNED ON OCTOBER 21, 2015.

*Calvin Jones Jr.*

CALVIN JONES JR.

PRO--SE

TDCJ-ID#01961419

STRINGFELLOW UNIT

1200 FM 655

ROSHARON, TEXAS 77583

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

---

NO. 09-14-00460-CR

---

CALVIN JONES JR., Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 163rd District Court
Orange County, Texas
Trial Cause No. B080617-R

---

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, appellant Calvin Jones Jr. (Jones) pleaded guilty to the offense of felony possession of a controlled substance, enhanced by a prior felony conviction. *See* Tex. Health & Safety Code Ann. § 481.117(a), (e) (West 2010); Tex. Penal Code Ann. § 12.42(c)(1) (West Supp.

1

2014).[1] The trial court found the evidence sufficient to find Jones guilty, but deferred further proceedings and placed Jones on community supervision for ten years and assessed a $1,440.00 fine. The State subsequently filed its First Amended Motion to Impose Guilt, to revoke Jones's unadjudicated community supervision. Jones pleaded "true" to certain alleged violations of the conditions of his community supervision. After conducting an evidentiary hearing, the trial court found that Jones violated the conditions of his community supervision, found Jones guilty of possession of a controlled substance, and assessed punishment at fifteen years in prison.

Jones's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On March 3, 2015, and June 15, 2015, we granted an extension of time for Jones to file a *pro se* brief. Jones filed a *pro se* Brief. The Court of Criminal Appeals has held that an appellate court may determine that (1) "the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error"; or (2) "arguable grounds for appeal exist and

___

[1] We cite to the current version of the statute as the subsequent amendments do not affect the outcome of this appeal.

remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

We have reviewed the entire appellate record, as well as all briefs, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on June 4, 2015
Opinion Delivered July 29, 2015
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[2]Jones may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

Calvin Jones Jr., Trusty Camp. C. 80
TDCJ ID# 0196011419
Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583

RECEIVED
OCT 26 2015
CAROL ANNE HARLEY
CLERK OF THE COURT
NINTH COURT OF APPEALS

77701354969

Court of Appeals
State of Texas
Ninth District
1001 Pearl Street
Office Suite # 300
Beaumont, Texas 77701